Conf'd

## IN THE SUPERIOR COURT
## OF GUAM

FILED
SUPERIOR COURT

2012 OCT -5 PM 3: 49

CLERK OF COURT
BY _____

IN THE MATTER OF THE DEPARTMENT )    Special Proceedings Case no. SP0168-03
OF AGRICULTURE, )

              Petitioner, )

    vs. )

THE GUAM CIVIL SERVICE )
COMMISSION, )

              Respondent, )

      and, )

PATRICIA ROJAS, )

            Real Party in Interest. )

**DECISION AND ORDER**
re: Basis for Jurisdiction

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on Real Party in Interest's brief regarding a reasoned basis for asserting jurisdiction over her appeal. The Department of Agriculture ("DOA") was represented by Assistant Attorney General David J. Highsmith. The Civil Service Commission ("Commission") was represented by Attorney Sophia Santos Diaz. The Real Party in Interest ("Ms. Rojas") was represented by Attorney Delia Lujan Wolff. After considering the matters presented, the Court finds that the Commission did not have jurisdiction to consider Ms. Rojas' motion for reconsideration.

## BACKGROUND

This matter arises from the termination from employment of Ms. Rojas by DOA for alleged insubordination and failure of good behavior. The notice of adverse action from DOA informed Ms. Rojas she would have twenty days to appeal to the Commission. Three months after the time to appeal had expired, Ms. Rojas attempted to appeal to the Commission, which dismissed the case for Ms. Rojas' failure to timely file the appeal. More than two years later, Ms. Rojas sought reconsideration of the dismissal. The Commission granted her motion for

reconsideration, issuing a decision that did not articulate the reason that reconsideration of the untimely appeal was justified. Thereafter, further hearings were held and a judgment issued. The judgment held that DOA had failed to demonstrate Ms. Rojas was insubordinate or did not show good behavior, but left unanswered the question of Ms. Rojas' damages, stating the issue would be taken up at a later hearing. When the Commission subsequently issued a resolution stating it did not have authority to determine the issue of damages, DOA filed a Petition for a Writ of Mandamus, requesting that the Commission's decision be vacated.

The Supreme Court held that "[w]e can ascertain from the record no reasoned basis for the Commission's assertion of jurisdiction to reconsider an appeal that was not initially timely filed. Therefore, the Commission's reconsideration of Rojas' appeal was an abuse of discretion." *In re Department of Agriculture v. Civil Service Com'n*, 2009 Guam 19 ¶ 34. The Supreme Court also instructed this Court "to order the Commission to vacate the Judgment or demonstrate its jurisdictional basis for granting the motion for reconsideration. If a basis for jurisdiction can be shown, we instruct the [C]ourt to order the Commission to issue a new judgment that finally determines the question of Rojas' damages." *Id.*

The issue now before this Court are (a) whether the Commission had jurisdiction to consider Ms. Rojas' motion for reconsideration to reconsider an appeal that was not initially timely filed.

## DISCUSSION

**The Commission did not have jurisdiction to consider Ms. Rojas' motion for reconsideration.**

Ms. Rojas argues that the twenty day deadline imposed by 4 GCA § 4406 is not jurisdictional and can therefore be tolled; equitable tolling of the 20-day period was warranted due to Ms. Rojas' illness, DOA's approval of Ms. Rojas' leave until December 1995, and the Commission's representation that her oral notice of appeal was sufficient; and that Ms. Rojas

timely filed her appeal when she telephoned the Commission twice during the 20-day period and indicated she was filing an appeal.

On the other hand, DOA argues that Ms. Rojas' arguments are non-responsive to the Order to Show Cause by the Supreme Court, where the Supreme Court ordered the Commission to demonstrate its jurisdictional basis for granting the motion for reconsideration. More specifically, DOA argues that it is too late for Ms. Rojas to re-write the record in this case, and that Ms. Rojas' arguments fail because they try to justify her untimely filings.

When an appeal of a Superior Court decision is taken as of right to the Supreme Court, the time limit for filing a notice of appeal is an "absolute requirement" from which the court "has no discretion to digress.... [A] timely notice of appeal is 'mandatory and jurisdictional." *Gill v. Siegel*, 2000 Guam 10 ¶ 5 (quoting *United States v. Robinson*, 361 U.S. 220, 224 (1960)). The United States Supreme Court has determined that federal courts have no discretion to digress from this requirement in civil cases. *Bowles v. Russell*, 551 U.S. 205, 214 (2007). The lack of jurisdiction resulting from the failure to timely appeal, "in its most fundamental or strict sense[,] means an entire absence of power to hear or determine the case, an absence of authority over the subject matter or the parties." *Abelleira v. Dist. Ct.App.*, 109 P.2d 942, 947 (Cal.1941) (citation omitted).

This general rule has been held applicable in the administrative contexts. See, e.g., *Dumberth v. Unemployment Comp. Bd. of Review*, 837 A.2d 678, 681 (Pa. Commw. Ct. 2003) ("Appeal periods, even at the administrative level, are jurisdictional and may not be extended as a matter of grace or indulgence; otherwise, there would be no finality to judicial action."). Here, Ms. Rojas neglected to submit her original notice of appeal to the Commission within the twenty days allowed by statute. The service of the Notice of Final Adverse Action on August 25, 1995, triggered the twenty-day period for filing an appeal; thus, Ms. Rojas should have filed her appeal with the Commission by September 14, 1995, twenty calendar days after receiving the notice. 4 GCA § 4406; 2 Guam Admin. R. & Regs. § 1110.6(c). Further, when

Ms. Rojas filed her appeal with the Commission on December 21, 1995, the Commission rules which were in effect did not include a provision to excuse late filings. The Court thus does not believe that the 20-day rule is subject to equitable tolling because appeal periods, even at the administrative level, are jurisdictional and may not be extended as a matter of grace or indulgence; otherwise, there would be no finality to judicial action.

Even if, however, equitable tolling did apply to the 20-day statutory deadline, the Court recognizes that Ms. Rojas' arguments were never admitted into evidence before the Commission. Because they are not part of the Commission's record, they cannot be considered by this Court. The record reveals no reasoned basis for the Commission's assertion of jurisdiction foreclosed by the expiration of the statutory appeals deadline. No Guam statute expressly provides the Commission with authority and procedures for reconsidering its own decisions.

Finally, Rojas misunderstands the Supreme Court's directive, which is to demonstrate another basis for the Commission's jurisdiction. The Supreme Court, as stated above, has already held that the record reveals the Commission had no basis to reconsider an appeal which was not timely filed. Rojas reargues the merits of her motion, as opposed to demonstrating the jurisdiction of the Commission to hear the merits of the motion.

**Even if the Commission had a jurisdictional basis, the Commission did not reasonably exercise its inherent power to grant a motion to reconsider its final decision that dismissed the case for Ms. Rojas' failure to timely file the appeal.**

The Supreme Court articulated a three-part test for the reasonable exercise of the Commission's inherent power to grant a motion to reconsider a final decision in *Blas v. Guam Customs & Quarantine Agency*, 2000 Guam 12 ¶ 32. [B]efore the power of administrative reconsideration can be exercised .... (1) there must be good cause shown; (2) it must be reasonably exercised; and (3) the petition seeking its exercise must be made with reasonable diligence." *Id.*

**1. Good Cause**

The first prong in *Blas* requires this Court to examine whether there was "good cause shown" for the Commission to reconsider its initial and legally sound dismissal of Ms. Rojas' appeal. Ms. Rojas argues here that reconsideration of the dismissal was proper, despite her failure to comply with 4 GCA § 4406, because there were compelling reasons for her failure to timely appeal to the Commission.

Ms. Rojas argues that good cause existed for the Commission to reconsider its decision based on the following reasons: (a) the 20-day statutory deadline is subject to equitable tolling; (b) equitable tolling of the 20-day period was warranted due to Ms. Rojas' illness, DOA's approval of Ms. Rojas' leave until December 1995, and the Commission's representation that her oral notice of appeal was sufficient; and (c) Ms. Rojas timely filed her appeal when she telephoned the Commission twice during the 20-day period and indicated she was filing an appeal.

Assuming all of these assertions are true, good cause may have existed for the Commission to reconsider its initial dismissal of Ms. Rojas' appeal. The Court, however, recognizes that Ms. Rojas' arguments were never admitted into evidence before the Commission prior to the motion for reconsideration being issued. Because they are not part of the Commission's record, they cannot be considered by this Court. What the record clearly reflects, however, is that the Commission dismissed the appeal because, by Ms. Rojas' failure to comply with the statutory deadline set forth in 4 GCA § 4406, the Commission lacked jurisdiction to hear her appeal. Under these circumstances, there may have been good cause for the Commission to reconsider its decision, but the evidence before the Commission, prior to the motion for reconsideration being issued, suggests that there was no good cause shown.

## 2. Reasonable Exercise of Administrative Reconsideration

The Court next must consider whether the power of reconsideration was "reasonably exercised" by the Commission. *Blas*, 2000 Guam 12 ¶ 32. In *Blas*, The Guam Supreme Court concluded that it was not reasonable for the Commission to reconsider its initial decision,

which was based on its "detailed findings after evidentiary hearings were conducted." Id. ¶ 35. In sum, the Supreme Court found it unreasonable to exercise reconsideration when doing so contradicted the record. Similarly in the case at bar, the Commission's Judgment provides no justification for reconsidering its dismissal of Rojas' appeal. The Judgment does not address the failure of Rojas to timely file her appeal, or the fact that her appeal had been dismissed pursuant to 4 GCA § 4406.

From the cases mentioned in *Rojas*, 2007 Guam 21 ¶ 26, the Supreme Court concluded that the exercise of reconsideration is reasonable if it occurs during the time period that an appeal of the initial decision may be filed, and clearly, if it occurs before an appeal of the decision is actually filed. *Id.* ¶ 27. The Commission, however, apparently granted Rojas' Motion for Reconsideration at a hearing more than two years after the dismissal of Rojas' appeal. Therefore, it was not reasonable for the Commission to reconsider its decision more than two years later. This is especially so when good cause has not been shown to justify reconsideration. The Court cannot find any authority, statutory or otherwise, that allows an agency to reassert jurisdiction over a properly dismissed case in the guise of granting a motion for reconsideration. The Court holds that it was not reasonable for the Commission to exercise reconsideration in this case.

### 3. Reasonable Diligence in making the Petition

The final *Blas* inquiry requires that the Court examine whether Rojas' Motion for Reconsideration was "made with reasonable diligence." 2000 Guam 12 ¶ 32. Reasonableness may be measured by compliance with the applicable Commission rules that establish a specific time period for requesting reconsideration. A petitioner's failure to comply with the deadline would show lack of diligence; compliance with the deadline would show diligence. The Supreme Court has not articulated a specific time that would show diligence, or lack of diligence, although they acknowledged in *Blas* that "that the nearly sixty day delay in filing [the] Motion for Reconsideration is indicative that the motion was not diligently made." 2000

Guam 12 ¶ 36. Here, Ms. Rojas was not prevented from filing a motion for reconsideration. Eventually, this is exactly what Ms. Rojas did. Ms. Rojas did not show reasonable diligence in seeking reconsideration.

After applying the *Blas* factors, the Court finds that the Commission erred in reconsidering its dismissal of Ms. Rojas' appeal. The record contains no showing of good cause, such as fraud, misconception of facts or law or mistake, which would support reconsideration. The Commission reconsidered its dismissal years after its initial decision, undisputedly beyond any time period allowable for appeal. The exercise of reconsideration was not reasonable under the circumstances. Third, Ms. Rojas did not show reasonable diligence in seeking reconsideration, as she waited more than two years after her appeal was dismissed before she filed her reconsideration motion.

The public policy supporting the finality of administrative adjudication is also important. Federal courts have recognized that "[t]he policy considerations which underlie *res judicata*-finality to litigation, prevention of needless litigation, avoidance of unnecessary burdens of time and expense-are as relevant to the administrative process as to the judicial." *Painters Dist. Council No. 38 v. Edgewood Contracting Co.*, 416 F.2d 1081, 1084 (5th Cir.1969). The Court recognizes the important policy of the finality of a judgment, even as to an agency's reconsideration of its own decision. Accordingly, the Court finds that the Commission improperly reconsidered its dismissal of Rojas' appeal.

**CONCLUSION**

Based on the foregoing, the Court finds that the Commission has failed to demonstrate a jurisdictional basis to reconsider its Decision to dismiss the appeal and therefor lacked jurisdiction to consider her Motion for Reconsideration. Using the three-prong test in *Blas*, 2000 Guam 12, even if the Commission had jurisdiction, the Commission improperly reconsidered its dismissal of Ms. Rojas' appeal and the Commission's Judgment, issued pursuant to Ms. Rojas' motion, must be VACATED. The Commission is ordered to VACATE its JUDGMENT and enter a Judgment dismissing the appeal.

SO ORDERED, this _5_ day of _October_ 2012.

Original Signed By:
HON. MICHAEL J. BORDALLO
_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam